CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 2 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SANDRA L., | ) |
| | ) |
| Plaintiff | ) Civil Action No. 7:17-CV-00417 |
| | ) |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) By: Michael F. Urbanski |
| Acting Commissioner of Social Security, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on February 20, 2019, recommending that the plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Sandra L. ("Sandra") has filed objections to the report and this matter is now ripe for the court's consideration.

### I. Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with

sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.); see Midgette, 478

2

F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

3

## II. Judicial Review of Social Security Determinations

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

## III. Plaintiff's Objections[1]

Sandra raised two arguments before the magistrate judge on summary judgment—that the ALJ's findings were not supported by substantial evidence and that the ALJ failed to properly evaluate the opinions of her treating physician. In her objections to the report and recommendation, Sandra argues that the magistrate judge erred when he found that substantial

---

[1] Detailed facts about Sandra's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 16) and in the administrative transcript (ECF No. 8) and will not be repeated here.

4

evidence supported the ALJ's decision to give less than controlling weight to the opinion of Sandra's treating physician.

In general, an ALJ must accord more weight to the medical opinion of an examining source than to that of a nonexamining source. Testamark v. Berryhill, 736 Fed. Appx. 395, 387 (4th Cir. 2018) (citing 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1) and Brown v. Comm'r of Soc. Sec. Admin., 873 F.3d 251, 268 (4th Cir. 2017)). Treating sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of the claimant's medical impairments. Id. (citing Woods v. Berryhill, 888 F.3d 686, 695 (2018)). "[T]he ALJ is required to give controlling weight to opinions proffered by a claimant's treating physician so long as the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record." Lewis v. Berryhill, 858 F.3d 858, 867 (2017) (alterations and internal quotations omitted). If an ALJ does not give controlling weight to the opinion of a treating source, the ALJ must consider a non-exclusive list of factors to determine the weight to be given all the medical opinions of record, including (1) examining relationship; (2) treatment relationship; (3) supportability of the source's opinion; (4) consistency of the opinion with the record; and (5) specialization of the source. Testamark, 736 Fed. Appx. at 398.

Sandra first saw Michael Malpass, M.D., in 2006, complaining of low energy and back pain. She had a positive straight leg raise at 45 degrees and he diagnosed her with back pain following an automobile accident in 2001. R. 380-381. She next saw him in 2008, again complaining of back pain, and in 2010, complaining of back and knee pain. She was using Darvocet occasionally for back pain. She wore an elastic brace on her knee and obtained

limited relief from using a heating pad and taking Advil or Aleve. She had a positive straight leg raise at 30 degrees. Dr. Malpass assessed her with post-traumatic back pain and degenerative joint disease in both knees, but worse on the right. He recommended heat, stretching, and NSAIDs for pain relief. R. 378, 375.

On April 11, 2014 Dr. Malpass signed an application for a disabled parking placard, on which a box was checked indicating that Sandra could not walk 200 feet without stopping to rest and that she was permanently limited or impaired. R. 382-383. Sandra next saw Dr. Malpass on August 22, 2014, reporting that her back pain had become worse in the last four months although the pain never radiated to her legs. She had to use a cane to walk and the pain was exacerbated by bending and any attempt to lift. Her straight leg raise was positive at 30 degrees and she had muscle tightness and tenderness in her back. R. 374.

On December 11, 2014 Dr. Malpass completed a medical information form requested by the Roanoke Department of Social Services. He stated that her back pain caused difficulty walking, lifting, and bending and that she was required to use a cane. He described her condition as poor, longstanding, and worsening and stated that it rendered her unable to work. R. 372.

On March 2, 2015 Sandra reported to Dr. Malpass that her back pain was worse and her back hurt constantly. Lortab helped with the pain but she tried to use it sparingly. Her right knee occasionally gave way. She used a cane all the time. R. 373. Dr. Malpass completed a "Medical Assessment of Ability To Do Work-Related Activities (Physical"). He found that Sandra could occasionally lift or carry ten pounds and frequently lift and carry five pounds. She could walk for four hours in an eight-hour workday and could walk for one hour without

6

interruption. She could sit for a total of six hours in a workday and for four hours without interruption. He found that she could never climb, kneel, or crawl and only occasionally crouch or stoop. Her ability to reach, push, and pull were limited by shoulder and back pain. She should not work around heights, moving machinery, temperature extremes, or vibration. Dr. Malpass's assessment of Sandra's physical limitations was based on her description of her pain and other symptoms. R. 384-385.

Dr. Malpass also completed a "Medical Assessment of Ability To Do Work-Related Activities (Mental)." He found that Sandra had a "good" ability, defined as "limited, but satisfactory," to make occupational adjustments with the exception of her ability to maintain attention and concentration, which he found to be "fair," defined as "seriously limited, but not precluded." He commented that her ability to concentrate was somewhat limited by pain. R. 386. He also found that she had either "very good" or "good" abilities to make performance adjustments and personal-social adjustments. R. 387.

The ALJ gave "some weight" to Dr. Malpass's physical assessment and noted that the exertional limitations were reasonable in light of Sandra's complaints of pain combined with her somewhat limited treating history and mild to moderate objective abnormalities. The ALJ noted that the exertional limitations did not exceed the demands of sedentary work. The ALJ also found that the remaining limitations appeared somewhat overstated relative to the same evidence, especially given that the manipulative and environmental limitations were based on Sandra's subjective description of her symptoms. R. 33. The ALJ gave only partial weight to Dr. Malpass's mental activities assessment because evidence did not support a finding that Sandra had difficulty concentrating. R. 34.

7

The magistrate judge found that the ALJ properly considered the relevant factors and the record in determining the weight to give Dr. Malpass's opinions. Specifically, the magistrate judge found it appropriate for the ALJ to question a treating physician's opinion when it relies on a plaintiff's subjective allegations, especially where the ALJ finds that plaintiff's allegations regarding symptoms and their severity are not supported by other evidence in the record. See Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (finding it proper to discount treating physician's opinion which it was based largely on claimant's self-reported symptoms) and Sawyer v. Colvin, 995 F.Supp.2d 496, 512 (D.S.C. 2014) (same). The magistrate judge set out the ALJ's detailed discussion of Sandra's subjective allegations and the objective evidence in the record and cited the reasons the ALJ gave for not giving Dr. Malpass's opinion controlling weight, ultimately finding that substantial evidence supported the decision to accord the opinion only some weight.

Sandra objects to this conclusion and argues that the ALJ did not properly evaluate Dr. Malpass's opinions of April 11, 2014, December 11, 2014, and March 2, 2015. With regard to the March 2015 opinion, Sandra objects that the ALJ did not address the finding that her ability to reach, push, and pull were affected by her impairment. However, the ALJ noted that Dr. Malpass found that she had unspecified limitations in reaching, pushing, and pulling, based on her own description of her pain and symptoms and also determined that the exertional limitations were reasonable. Nevertheless, even with these limitations, the ALJ found that Sandra could do sedentary work. R. 33, 385.

Sandra also objects that it was error for the ALJ to give the 2015 opinion only "some weight" and then rely on it to discredit the December 11, 2014 opinion. However, the ALJ

8

explained that the earlier opinion was less clearly articulated than the latter opinion. In addition, the ALJ found that the latter opinion was more consistent with the totality of the evidence, including findings that Sandra was in no acute distress, that she was mentally intact on examination, and that she had reported no falls before or during physical therapy. R. 34. Thus, he explained why he gave more weight to the 2015 even though he did not give it controlling weight.

Moreover, it is entirely proper for an ALJ to discount a treating physician's opinion when it is internally inconsistent or inconsistent with the record as a whole. "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). In the 2014 assessments, which were applications for a disabled parking placard and public benefits, Dr. Malpass very briefly noted that Sandra's back pain caused difficulty walking, lifting, and bending. R. 372, 382-383. The 2015 assessment was a more detailed analysis of Sandra's physical and mental limitations, and Dr. Malpass assessed her with much less severe limitations. For example, in April 2014 he found that she could not walk 200 feet without stopping to rest while in March 2015 he found that she could walk and stand up to four hours per day. These opinions are inconsistent with one another and the ALJ was entitled to rely on the inconsistency to give Dr. Malpass's earlier opinion less than controlling weight.

The court has reviewed the record de novo and finds that the ALJ properly determined to give only "some weight" to the opinions of Sandra's treating physician because the opinions regarding her limitations were inconsistent with his records as well as other objective medical

evidence in the record. Accordingly, Sandra's objection to the magistrate judge's finding is overruled.

## CONCLUSION

For the reasons stated, the court finds no error in the magistrate judge's conclusion that the ALJ's decision is supported by substantial evidence. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered.

Entered: 03-12-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge